United States District Court
Southern District of Texas
FILED
AUG 3 0 2002
Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
BROWNSVILLE DIVISION

B-02-167

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | USDC #B-02-______-CV |
| VS. | § | |
| | § | [Re: USDC NO. B-00-CR-3-1] |
| | § | |
| FERNANDO HERNANDEZ | § | |

**Motion to Vacate Sentence Pursuant to 28 U.S.C. Sec.2255**

This post conviction **Motion to Vacate Sentence Pursuant to 28 U.S.C. Sec.2255** is brought by Movant, Fernando Hernandez, Prisoner number #92243079, Federal Correctional Institution, Big Spring FCI, 1900 Simler Avenue, Big Spring Texas 79720-7799, by his attorney, Larry Warner, 777 E. Harrison Street, Brownsville, TX 78520.

1. The name and location of the Court which entered the judgment of conviction under attack: **United States District Court Southern District of Texas, Brownsville Division**

2. The date of judgment of conviction: July 10, 2001. This Motion is timely filed, inasmuch as it is filed with the clerk of the convicting court within one year of the date of the opinion of the court of appeals affirming the judgment of the district court plus the ninety days within which to seek certiorari from the Supreme Court of the United States.SUP.CT.R.13; **Kapral v. United States**, 166 F.3d565, 575(3rd Cir.1999) **Kapral** specifically noted that the one year statute of limitations for §2255 petitions begins to run from "the conclusion of direct review or the expiration of the time for seeking such review." "In addition, if a defendant does not file a certiorari petition, the judgment of conviction does not become 'final' until the time for seeking certiorari review expires." **Kapral** at 570 As of August 27, 2002, the 4th, 7th,

9th, and D.C. Circuits had commented on **Kapral**, but the United States Court of Appeals for the Fifth Circuit had not. **Kapral**, **supra**. Accord, **Feldman v. Henman**, 815 F.2d 1318,1320-1321(9th Cir.1987) The Third Circuit relied in **Kapral** upon the determination of the District Court that "Only when the time for seeking certiorari review has expired is it appropriate for a defendant to commence a collateral attack on the conviction and sentence." **United States v. Dorsey**, 988 F.Supp. 917, 919 n. 3 (D.Md.1998). In Hernandez, the "time for seeking certiorari review" did not expire until ninety days after the opinion of the United States Court of Appeals. The opinion was dated July 10, 2001. Ninety days after July 10, 2001 ran on October 8, 2001, a Monday. A year from October 8, 2001 runs on October 8, 2002. This Motion is filed on August 28, 2002. It is timely filed.

3. The Length of sentence: 27 months

4. The nature of the offense involved was: 21 U.S.C.§§ 841 (a)(1).841(b)(1)and 841(b)(1)(D) Conspiracy to possess, with intent to distribute, a quantity less than 50 kilograms of marihuana (Count one)
21 U.S.C.§§ 841(a)(1),841(b)(1)(D) and 18 U.S.C.§2 Possession, with intent to distribute, approximately, 37.27 kilograms gross wight of marihuana. (Count two)

5. Movant pleaded **not guilty** to the indictment. **N/A**

6. Kind of Trial: **Jury Trial.**

7. Did you testify at the trial?: **No.**

8. Did you appeal from the judgment of conviction?: **Yes.**

9. If you did appeal, answer the following:
   (a) Name of Court: United States Court of Appeals for

the Fifth Circuit.

(b) Result: Affirmed

(c) Date of result: 7/10/01

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any Petitions, Applications, or Motions with respect to this judgment in any Federal Court?: **No.**

11. If your answer to 10, was "Yes", give the following information: Inapplicable. I have not filed any Petitions, Applications, or Motions with respect to this judgment in any Federal Court.

(a)

(1) Name of Court:

(2) Nature of proceeding:

(3) Grounds raised:

(4) Did you receive an evidentiary hearing on your Petition or Motion?:

(5) Result:

(6) Date of result:

(c) Did you appeal, to an Appellate Federal Court having jurisdiction, the result of action taken on any Petition, Application, or Motion? No.
Inapplicable. I have not filed any Petitions, Applications, or Motions with respect to this judgment in any Federal Court.

(1) First Petition, etc.
Inapplicable. I have not filed any Petitions, Applications, or Motions with respect to this judgment in any Federal Court.

(d) If you did not appeal from the adverse action, on any Petition, Application, or Motion, explain briefly why you did not: Inapplicable. I have not filed any Petitions, Applications, or Motions with respect to this judgment in any Federal Court.

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary you may attach pages stating additional grounds and facts supporting same.

**GROUND 1:** Trial Counsel was ineffective. Trial Counsel did not file a written meritorious motion to suppress evidence.

**GROUND 2:** Trial Counsel was ineffective. No conceivable trial strategy could have justified the following: Failing to request an instruction on the culpable mental state for an accomplice.

Defense counsel is ineffective for failing to object to instructions on aiding and abetting which are defective. **United States v. Stracener**, 959 F2d 31 (5th Cir. 1992) In **Stracener** the United States Court of Appeals for the Fifth Circuit upheld the District Court's determination that failing to object to inadequate instructions on the aiding and abetting of the aggravating element constituted ineffectiveness. Hernandez' case is worse. Counsel did not object to instructions which did not explain an indispensable element of a criminal offense, mens rea. The result should be the same as that suggested by trial counsel himself in the Motion for New Trial, a finding of ineffectiveness and reversal.

**GROUND 3:** Counsel was ineffective. Counsel was ineffective for failing to move to suppress the defendant's statement when there was no reasonable suspicion to stop.

Trial counsel was ineffective for failing to move to suppress the defendant's oral statement to the police when the arrest was without a warrant and there was no probable cause.

It is ineffective for trial counsel to fail to file a potentially meritorious motion to suppress evidence seized in a warrantless search. **Huynh v. King**, 95 F3d 1052(11th 1996)

13. If any of the grounds listed in 12 A, B, C, and d were not previously presented, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: Inapplicable.

14. Do you have any Petition or Appeal now pending in any Court as to the judgment under attack? No.

15. Attorneys below:

(A) At preliminary hearing: Richard Robert Rodriguez
1117 E. Harrison
Harlingen, TX 78520

(B) At arraignment and plea: Richard Robert Rodriguez
1117 E. Harrison
Harlingen, TX 78520

(C) At trial: Richard Robert Rodriguez
1117 E. Harrison
Harlingen, TX 78520

(D) At Sentencing: Richard Robert Rodriguez
1117 E. Harrison
Harlingen, TX 78520

(E) On appeal: Mr. Larry Warner
777 E. Harrison ST 78521
Brownsville, TX 78521

(F) In any post-conviction proceeding:
Mr. Larry Warner
777 E. Harrison ST 78521
Brownsville, TX 78521

(G) On appeal from any adverse ruling in a post-conviction proceeding:

Mr. Larry Warner
777 E. Harrison ST 78521
Brownsville, TX 78521

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same

Court and at the same time? Yes.

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? No.

If so, give name and location of Court which imposed sentence to be served in the future and give date and length of sentence to be served in the future: Inapplicable. Movant does not have any future sentence to serve after he completes the sentence imposed by the judgment under attack.

18. Have you filed, or do you contemplate filing, any Petition attacking the judgment which imposed the sentence to be served in the future? Inapplicable. Movant does not have any future sentence to serve after he completes the sentence imposed by the judgment under attack.

Wherefore, Movant prays that the Court grant Movant relief to which he may be entitled in this proceeding.

Respectfully submitted,

Larry Warner
Attorney for Movant
777 E. Harrison Street, 2nd Floor
Brownsville, Texas 78520
(956)542-4784 FAX (956)544-5234
State Bar #20871500/USDC,SDTX # 1230

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS,**
**BROWNSVILLE DIVISION**
**USDC # 01 _____ CV**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | |
| | § | **USDC NO. B-00-CR-3-1** |
| | § | |
| **FERNANDO HERNANDEZ** | § | |

**AFFIDAVIT**

**BEFORE ME, THE UNDERSIGNED AUTHORITY, PERSONALLY APPEARED, LARRY WARNER, KNOWN TO ME TO BE THE PERSON WHOSE NAME IS SUBSCRIBED BELOW, AND UPON BEING DULY SWORN HE DEPOSED AND SAID:**

"My name is Larry Warner, I am an attorney for Movant in the above-entitled and numbered cause. I am over the age of 18, of sound mind and competent in all respects to make this affidavit. All the foregoing allegations of fact are within my personal knowledge true, save and except for those allegations made upon information and belief, which I am informed and do believe are true. I swear that they are true.

[signature]

Larry Warner
Attorney for Movant
777 E. Harrison Street, 2nd Floor
Brownsville, Texas 78520
(956)542-4784 FAX (956)544-5234
State Bar #20871500/USDC,SDTX # 1230

**SUBSCRIBED AND SWORN** to before me, by the said Larry Warner, on August 28, 2002, to certify which witness my hand and official seal. 30

[signature]

MARISOL DELAFUENTE
NOTARY PUBLIC IN AND FOR THE STATE OF TEXAS-Commission Exp: 4/27/05

MARISOL DELAFUENTE
Notary Public, State of Texas
My Commission Expires
April 27, 2005

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS,**
**BROWNSVILLE DIVISION**
**USDC # B-02- -CV**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| VS. | § | |
| | § | **USDC NO. B-00-CR-3-1** |
| | § | |
| **FERNANDO HERNANDEZ** | § | |

**CERTIFICATE OF SERVICE**

I certify that I mailed a true and correct copy of **Motion Attacking Sentence** on the above referenced case to which this certificate is attached by U.S. Postal service to: James Turner, Assistant U.S. Attorney, P.O. Box 31129, Houston, Texas 77028 this August 28, 2002.
30

Larry Warner
Attorney for Movant
777 E. Harrison Street, 2nd Floor
Brownsville, Texas 78520
(956)542-4784 FAX (956)544-5234
State Bar #20871500/USDC,SDTX # 1230